# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALVA E. CAMPBELL, JR.,

:

    Petitioner,                               Case No. 2:05-cv-193

:        District Judge Walter Herbert Rice
  -vs-                                   Chief Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

:

    Respondent.

## DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY

This case is before the Court on Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 15) and Respondent's opposition thereto (Doc. No. 18).

### Standard for Discovery

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997); *Harris v. Nelson*, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969); *Byrd v. Collins*, 209 F. 3rd 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, citing *United States v. Armstrong*, 517 U.S. 456, 116 S. Ct. 1480, 1488, 134 L. Ed. 2d 687 (1996). The burden

of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F. 3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated the Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981.  The lawyer announced that he was ready for trial just a few weeks later.  He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation.  Tr. of Oral Arg. 43. [FN10]  At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case.  Tr. of Oral Arg. 17-18, 43-44. [FN11]  This is, of course, only a theory at this point;  it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan.  It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case.  That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id.* at 909.  The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

-3-

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform the a district court's exercise of its discretion in granting discovery under Habeas Rule 6.  The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits.  In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1,  112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992).  Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

## Analysis

In his Sixth Ground for Relief, Petitioner asserts his rights to a fair sentencing proceeding and individualized sentencing were denied when the trial court precluded him from pursuing and presenting relevant mitigation evidence.  (Petition, Doc. No. 12-3, at 18.)  Petitioner demonstrates that he sought a medical examination at the time of trial and the request was denied.  Obtaining the evidence he seeks on this claim should not be intrusive at all and may support his claim that at the time of trial he had a medical condition which would have been appropriately submitted to the jury in mitigation.

-4-

While Respondent is correct that Rule 6 of the Rules Governing §2254 Cases does not allow "fishing expeditions" for evidence and in this case the factual allegations being explored could be more specific, the information being sought is peculiarly personal to the Petitioner, to wit, his own medical records and the names of the physicians who have treated him.

Accordingly, Petitioner is granted leave to depose the records custodians for his medical records with the Ohio Department of Rehabilitation and Corrections and with The Ohio State University and to propound an interrogatory to Respondent for the names of the physicians who have treated him since he has been incarcerated on death row.

In his First, Second, Third, and Fourth Grounds for Relief, Petitioner asserts he received ineffective assistance of his trial counsel.  As to these Grounds, he seeks to depose his trial counsel. Since the question of why those counsel chose to pursue or not pursue various possibilities of defense are peculiarly within their knowledge, taking their depositions is the most efficient way to obtain any evidence which may support these claims.  Accordingly, Petitioner is granted leave to depose his trial counsel.

All discovery permitted by this Order shall be completed not later than October 31, 2005.
July 1, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

J:\Death Penalty\Campbell\Campbell v. Bradshaw 02.wpd